NOT FOR PUBLICATION



**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARLOS GARCIA-MORENO, aka Carlos De Jesus Aquino-Borja,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.　13-72410<br><br>Agency No. A078-037-994<br><br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted December 7, 2017[**]
Pasadena, California

Before: KELLY,[***] CALLAHAN, and BEA, Circuit Judges.

Petitioner Juan Jose Garcia-Moreno, a native and citizen of El Salvador,

seeks review of an immigration judge's concurrence in a Department of Homeland

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Security ("DHS") officer's finding that he lacked a reasonable fear of persecution or torture in El Salvador. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Petitioner first entered the United States without inspection or parole in January 2000. He was ordered removed on February 10, 2000 (the "2000 Removal Order"), and was physically removed on February 18, 2000. He did not appeal or otherwise challenge the order at that time. Petitioner stated that in 2002, after he was removed to El Salvador in 2000, older schoolmates began "bothering" him to join them in "selling stolen articles." Petitioner refused and was beaten. He returned to the United States, again without inspection or parole, in September 2003, and was later convicted of the felony crime of "Accessory" in the California Superior Court in the county of Los Angeles, under Section 32 of the California Penal Code. On July 7, 2011, DHS reinstated the 2000 Removal Order against Petitioner (the "2011 Reinstatement Order").

Petitioner expressed a fear of persecution or torture upon removal to El Salvador. The DHS officer found that the feared harm was not "on account of a protected characteristic" and Petitioner provided no evidence to indicate that the people he feared were in any way associated with the government. On review, the IJ agreed that Petitioner had not established a reasonable fear of persecution or torture. Petitioner petitioned this court for review. *See Garcia-Moreno v. Holder*,

No. 12-74091 (9th Cir. 2012). Without objection from Petitioner's counsel, the government moved to remand the case to the immigration judge, and this court granted the motion. On June 28, 2013, the IJ again concurred with the DHS officer's finding that Petitioner lacked a reasonable fear of cognizable persecution or torture. Petitioner again appealed from the IJ's concurrence.

## I. The IJ's reasonable-fear determination

Petitioner argues (1) that the IJ erred by applying the wrong legal standard and (2) that the IJ's determination was not based on substantial evidence. We review negative reasonable-fear determinations for substantial evidence. *Andrade–Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

Petitioner argues that the IJ failed to comply with the remand order[1] and violated due process by incorrectly applying the "credible fear" of persecution or torture standard in 8 U.S.C. § 1225(b)(1) rather than the correct "reasonable fear" of persecution or torture standard under 8 C.F.R. § 208.31(a). However, Petitioner does not explain how he was prejudiced thereby.[2] *See Bondarenko v. Holder*, 733

---

[1] On remand, the parties agreed that "all that's missing" was "a more detailed decision." Because Petitioner affirmatively agreed that the purpose of the remand was only to allow the IJ to issue "a more detailed decision," any argument to the contrary on appeal is waived, *see Lopez-Moreno v. I.N.S.*, 176 F.3d 483 (9th Cir. 1999), and judicially estopped, *see Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

[2] Petitioner asserts that he "was clearly prejudiced" because "the decision was based on wrong law," but accepting Petitioner's question-begging argument that a legal error is *per se* prejudicial would obliterate the required prejudice inquiry.

13-72410

F.3d 899, 907 (9th Cir. 2013) ("To establish prejudice, an asylum seeker must . . . show that 'the outcome of the proceeding may have been affected by the alleged violation.'" (internal quotation marks omitted)).  The "reasonable fear" screening process "is modeled on the credible fear screening process, but requires the alien to meet a *higher* screening standard."  64 Fed. Reg. 8478, 8485 (Feb. 19, 1999) (emphasis added).  Because the "reasonable fear" standard imposes on Petitioner a higher standard of proof than does the "credible fear" standard of proof, Petitioner was *benefited* by the mistake he alleges.  Any error was therefore harmless.  *See Quintanilla-Ticas v. I.N.S.*, 783 F.2d 955, 957 (9th Cir. 1986).

On the merits of the IJ's decision, substantial evidence supported the negative reasonable-fear determination.  The 2002 beating at the hands of Salvadoran criminals bore no nexus to any protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence . . . bears no nexus to a protected ground."); *Barrios v. Holder*, 581 F.3d 849, 855 (9th Cir. 2009) (rejecting argument that "young men . . . who resist gang recruitment constitute a social group").  With regard to the torture claim, Petitioner asserts only that the IJ failed "to evaluate the current country conditions which show criminal gangs do run the police and government."  This unsupported assertion cannot be squared with the record.  In the reasonable-fear hearing, the government asked Petitioner, "[Y]ou

13-72410

don't really have any evidence at all the government of El Salvador is going to

torture you if you go back there, do you?" to which Petitioner replied, "No."

Petitioner also told the DHS asylum officer that he was "not afraid of the police."

Therefore, substantial evidence supported the IJ's negative reasonable-fear

determination.

Petitioner's other challenges to the IJ's decision are meritless.  He asserts,

without citations to the record or any authority, (1) that "[t]he IJ was very hostile to

the remand," (2) that the IJ does not cite legal authority for "what the standard of

nexus is,"[3] (3) that a country conditions report on El Salvador is not in the record

and was ignored by the IJ,[4] and (4) that "there is no transcript" of the petitioner's

testimony.[5]  Such undeveloped and unsupported claims are waived.  *Greenwood v.*

*F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994).  Further, Petitioner fails to explain how he

was prejudiced by any of these alleged deficiencies.  *See Colmenar v. I.N.S.*, 210

F.3d 967, 971 (9th Cir. 2000) ("We . . . require an alien to show prejudice, which

---

[3] The IJ cited several authorities supporting his conclusion that Petitioner's past harm bore no nexus to a protected ground.

[4] The State Department country report on El Salvador is in the record.  Moreover, "an alien attempting to establish that the Board violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence."  *Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095–96 (9th Cir. 2000).  Petitioner does not offer any argument or evidence to overcome that presumption.

[5] The missing transcript of the petitioner's testimony has been filed.

13-72410

means that the outcome of the proceeding may have been affected by the alleged [due process] violation.").

## II. The 2000 Removal Order and 2011 Reinstatement Order

Petitioner also raises several due-process-style challenges to the 2000 Removal Order and the 2011 Reinstatement Order. We review due process challenges to immigration decisions *de novo*. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

First, this court lacks jurisdiction over any challenge to the 2000 Removal Order. Reinstatement proceedings—necessary only because of Petitioner's illegal reentry—do not grant Petitioner a second chance to attack the original removal order. *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 497–98 (9th Cir. 2007) (en banc) (holding that "[t]o the extent genuine issues of material fact exist with respect to [Petitioner's] underlying removal order, this 'prior order . . . is not subject to being reopened or reviewed' during the course of the reinstatement process" (quoting 8 U.S.C. § 1231(a)(5)). Furthermore, we need not parse our precedent articulating an exception to the rule set forth in *Morales-Izquierdo*, *see Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1137 (9th Cir. 2008), because we lack jurisdiction on the independent bases that Petitioner's challenge to the 2000 removal order is both untimely, 8 U.S.C. § 1252(b)(1), and unexhausted, 8 U.S.C. § 1252(d)(1). The judicial review provisions of 8 U.S.C. § 1252 "are

6                                                            13-72410

jurisdictional in nature and must be construed with strict fidelity to their terms." *Stone v. I.N.S.*, 514 U.S. 386, 405 (1995).

Second, this court's jurisdiction to review the 2011 Reinstatement Order is narrowly circumscribed. *Garcia de Rincon*, 539 F.3d at 1137 ("[R]eview of the reinstatement itself is limited to confirming the agency's compliance with the reinstatement regulations."). Here, "Petitioner cannot demonstrate even a plausible ground for relief," because he "does not challenge any of the three 'relevant determinations' underlying a reinstatement order": whether "(1) [he] is the alien (2) who was previously removed and (3) who reentered the United States illegally." *Padilla v. Ashcroft*, 334 F.3d 921, 925 (9th Cir. 2003) (quoting *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1048 (9th Cir. 2001), *abrogated by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006)). In fact, Petitioner admitted all three of these facts. Because "those are the only three elements at issue in determining whether a reinstatement order is valid," any challenge to the reinstatement order necessarily fails. *Id*.

Finally, Petitioner argues that "[a] new precedent should allow the Circuit to step in and issue *sua sponte* release or bond." But as Petitioner recognizes, this court has previously disclaimed authority to grant such relief on a petition for review. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 n.3 (9th Cir. 2010). This argument is thus foreclosed by circuit precedent. *United States v. Johnson*, 256

F.3d 895, 914 (9th Cir. 2001) (en banc) ("[W]here a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit . . . .").

**PETITION DENIED**.